IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:_____

Plaintiff:      Jessie Jacobs

v.

Defendant:    American Family Mutual Insurance Company, a Wisconsin Domestic Mutual
Insurance Company

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, by and through her attorney, for her Complaint, alleges the following:

### JURISDICTION

1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1332, based upon the parties'
diversity of citizenship, and the fact that Plaintiff's monetary clams herein exceed $75,000.

### PARTIES' DIVERSITY INFORMATION

2.    Plaintiff is, and has been, at all times material, a resident, domiciliary, and citizen of the
State of Colorado,  with a current primary residence located at 1631 11th Avenue, Greeley,
CO 80631.

3.    At all times relevant to this case, the Defendant American Family Mutual Insurance
Company (hereinafter referred to as "American Family") was organized as a Wisconsin
domestic mutual insurance company, licensed to do business in the State of Colorado.

### VENUE

4.    Venue is proper, pursuant to 28 U.S.C. §1411, based upon the foregoing substantial contacts
of the parties and the subject matter of this litigation within this Judicial District.

1

## GENERAL ALLEGATIONS

5.    American Family insured two of Plaintiff's vehicles under two separate complying Colorado policies of automobile insurance with Uninsured\Underinsured Motorist Bodily Injury Coverage.

6.    On or about January 05, 2011, Plaintiff was traveling northbound on U.S. Highway 85 at milepost 249, when a vehicle owned by A Comfort Shack and driven by Dawn Beierle attempted to proceed westbound across the highway.  Plaintiff engaged her brakes and swerved to avoid colliding with Beierle's vehicle and traveled into the center median, where she collided with a traffic control sign.

7.    At the time of the collision, Dawn Beierle and A Comfort Shack were insured under a complying policy with Kemper Specialty with minimum mandatory liability coverage of $25,000 per person/$50,000 per accident.  That $25,000 BI liability policy limit was paid to the Plaintiff as of November 07, 2012, as settlement of those claims against Dawn Beierle and A Comfort Shack.

8.    This settlement was made with the full knowledge and consent of Defendant American Family.

9.    The American Family policies between the parties may purport to require the Plaintiff to name the tortfeasor as a Defendant in the lawsuit; however, with American Family's consent, Plaintiff executed a release of liability against the tortfeasor, and therefore is precluded from naming her as a Defendant in this lawsuit.

10.   Plaintiff has thus complied with all conditions precedent hereto.

11.   Unbeknownst to its member policyholders, including Plaintiff, to whom it owes fiduciary

2

or quasi-fiduciary duties of utmost good faith and fair dealing, for years Defendant has secretly issued "business plans" and "claims manuals" coupled with financial incentives designed to unfairly, indiscriminately, arbitrarily, capriciously, inequitably, and fraudulently or deceptively "lowball" the payment of bodily injury claims of all types through virtually any means possible at unconscionable, non-compensatory levels in order to thereby likewise "profit" from such clandestine and nefarious claims practices, policies, and procedures at the expense of such member policyholders and other insureds or bodily injury claimants.

12.     As a result, virtually all of the bodily injury "bad faith" insurance cases reported in this State in this Millennium have involved Defendant, which is consequently commonly referred to as "AmScam" by members of the CTLA.

13.     A fortiorari, there is presently pending in Weld County District Court an action captioned Maricruz Sanchez v. American Family Mutual Insurance Company, (2011CV368), in which the Court recently permitted Plaintiff to amend her Complaint to include a COCCA claim against Defendant due to its multi-year pattern or practice therein of fraud, deception, coverup and concealment, including the fraudulent certification of several versions of one auto insurance policy in that matter.

14.     Further contrary to such duties and to those imposed by the Colorado Unfair Claim Settlement Practices Act, C.R.S. §10-3-1104(1)(h), Defendant customarily fails or refuses to provide an adequate explanation, if any, for or breakdown of, such usual and customary "lowball" bodily injury claims evaluations or settlement offers, as occurred herein.

15.     In those few such cases that are ultimately litigated, as herein, under the false guise of "discovery," Defendant routinely engages in disclosure and discovery abuse while procuring

3

for vast sums the professional mercenary services of a handful of the most notorious and

disreputable "comp" or "insurance" doctors and/or biomechanical "engineers" to provide it

with bogus, wholly predictable, and uniformly favorable "expert" opinions for use at trial

in order to thereby defraud a jury into awarding such tort victims far less than they would

otherwise be entitled to in the absence of such widespread usual and customary frauds

perpetrated by Defendant upon the Court.

## FIRST CAUSE OF ACTION

16.     Plaintiff re-alleges paragraphs 1-15 above as if fully stated herein.

17.     At the time and place stated above, that driver of the underinsured motor vehicle negligently,

recklessly, or carelessly operated her vehicle in such a manner as to cause Plaintiff to swerve

to avoid a collision and to careen into the center median, where she collided with a traffic

control sign.

18.     As a direct and proximate result of the acts or omissions of the driver of the underinsured

motor vehicle, the Plaintiff sustained significant injuries, disabilities, and damages, resulting

in physical impairment and emotional anguish, pain and suffering, inconvenience, healthcare

expenses, loss or impairment of enjoyment of life, emotional distress, inconvenience, and

impairment of credit and creditworthiness.

## SECOND CAUSE OF ACTION

19.     Plaintiff re-alleges paragraphs 1 through 18 above as if fully stated herein.

20.     The actions of the driver of the underinsured motor vehicle constitute a violation of the

below cited Colorado traffic laws, are the sole, direct,  and proximate cause of the collision

referenced herein and Plaintiff's injuries and damages caused thereby, and constitute

negligence *per se*.  Such negligence *per se* includes violations of C.R.S.§§42-4-703, 709, 1401, and 1402 thereof, and the corresponding sections of the Model Traffic Code.

21.  As a direct and proximate result of the negligence, *per se*, of the underinsured motor vehicle, the Plaintiff sustained significant injuries, disabilities, and damages resulting in past, present, and future physical impairment and emotional pain and suffering, health care expenses, property damage, loss or impairment of enjoyment of life, emotional distress, inconvenience, and impairment of credit and creditworthiness.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT

22.  Plaintiff re-alleges paragraphs 1 through 21 above as if fully stated herein.

23.  Defendant breached its contractual obligations to Plaintiff by denying UIM bodily injury benefits coverage to Plaintiff that Plaintiff was entitled to under the policy Defendant issued to Plaintiff.

24.  Plaintiff has fully complied with all contractual obligations under the insurance policy issued by Defendant to Plaintiff.

25.  Every contract in Colorado contains an implied duty of good faith and fair dealing and the parties to the agreement must perform their contractual obligations in good faith and in a reasonable manner.

26.  Defendant breached its implied duty of good faith and fair dealing.

27.  As a direct and proximate result of Defendant's breach of contract, Plaintiff has been damaged in an amount to be proven, including but not limited to all of the foregoing damages which were the foreseeable result of a breach of contract, including but not limited to damages for emotional distress and loss or impairment of enjoyment of life.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Duty of Good Faith and Fair Dealing)

28.   Plaintiff re-alleges paragraphs 1 through 27 above as if fully stated herein.

29.   As providers of insurance services to the public, Defendant at all times had a duty to engage in good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices, and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

30.   Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing that imposes on insurers a duty to act in good faith in their dealings with their insureds.  Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with, at least, equal consideration to their own interests.

31.   Pursuant to Defendant's obligation of good faith and fair dealing, Defendant had the duty to diligently search for evidence which supported its insured's claims when investigating Plaintiff's claims.

32.   As part of Defendant's implied obligation of good faith and fair dealing to Plaintiff, Defendant owed Plaintiff the duty to not try to seek and discover only evidence that would defeat or impair its insured's claims.

33.   Defendant breached its implied covenant to Plaintiff of good faith and fair dealing by engaging in the foregoing conduct, as well as the following:

   a.   Failing to give equal consideration to the interests of Plaintiff, its insured;

   b.   When investigating Plaintiff's claims, failing to diligently search for evidence which supported its insured's (Plaintiffs') claims;

6

     c.     Seeking to discover only evidence that defeated its insured's (Plaintiff's) claims;

     d.     Failing to adopt and implement fair and reasonable standards for the prompt investigation and resolution of claims arising under their insurance policies;

     e.     Refusing to pay claims without conducting a reasonable investigation based upon all available information;

     f.     Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear;

     g.     Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts Plaintiff is entitled to recover thereunder; and

     h.     Forcing Plaintiff into the costly and lengthy process of litigation therefor.

34.    Defendant's aforesaid conduct was grossly or manifestly unfair and unreasonable and Defendant either knew said conduct was unreasonable, or recklessly disregarded the fact that the conduct was unreasonable, contrary to C.R.S.§10-3-1104(1)(h)(I),(IV)-(VII), (XIII)-(XV) and 10-3-1115-1116 in regard thereto, directly and proximately causing Plaintiff to suffer and incur substantial economic or financial harm and severe emotional distress or mental, emotional, or psychological upset or anguish, in amounts to be proven at trial.

35.    Due to Defendant's customarily unreasonable and unfair delay in evaluating and paying pp's UIM bodily injury claims, Plaintiff is accordingly entitled, *inter alia*, to recover reasonable attorney's fees, court costs, and an amount equal to two times the covered benefit, pursuant to C.R.S.§10-3-1116(1), in addition to said policy benefit.

36.    Upon information and belief, at all times material, the Defendant insurer's acts and omissions were attended by circumstances of reckless or willful and wanton conduct, so as to further subject it to a reasonable award of exemplary damages, pursuant to the provisions of C.R.S.§13-21-102 and other law.

7

37.     Upon information and belief, as a consequence of the foregoing, said insurer is further liable for Plaintiff's attorney's fees and costs and expenses incurred in connection herewith, pursuant to law and these parties' contractual or quasi-contractual or quasi-fiduciary relationship.

38.     As a direct and proximate result of Defendant's unreasonable delay in duly evaluating and paying Plaintiff's claims and its breach of its duty of good faith and fair dealing, Plaintiff has sustained damages in an amount to be proven at the time of trial.

WHEREFORE, Plaintiff requests a judgment against the Defendant, American Family, under their Uninsured/Underinsured Motorist automobile policy, for damages they are legally entitled to collect from the tortfeasor, Dawn Beierle and A Comfort Shack, including but not limited to:

A.     Reasonable compensatory damages;

B.     Costs of this action, including expert witness fees;

C.     Interest as provided by law;

D.     Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**
**PLAINTIFFS HEREBY DEMANDS TRIAL TO A JURY OF SIX**
**ON ALL ISSUES SO TRIABLE.**

DATED this 4th day of November 2014.

*The Complaint was filed electronically pursuant to C.R.C.P.121§1-26. The signed original Complaint is in the Plaintiffs' file at the Law Office of Richard K. Blundell, 1233 8th Avenue, Greeley, Colorado 80631.*

Respectfully submitted,

By  /s Richard K. Blundell
Richard K. Blundell, Reg. No. 10358
ATTORNEY FOR PLAINTIFF

Plaintiffs' Addresses:

8

1631 11th Avenue
Greeley, CO 80631